■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS CASTRO, Appellant. [724 NYS2d 30] —Judgment, Supreme

Court, Bronx County (Lawrence Bernstein, J.), rendered December 18, 1998, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of 1 to 3 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility. The minor discrepancies in the testimony of the undercover officer and the arresting officer were not of such significance as to lead to the belief that the police testimony that defendant was the seller of the drugs was either mistaken or contrived.

The court properly denied defendant's request for a missing witness charge concerning the failure of the "ghost officer" to testify, since he did not make a sufficient showing, in the first instance, that the ghost officer was in a position to witness the sale (*see, People v Vasquez*, 272 AD2d 226, *lv denied* 95 NY2d 872; *People v Moultrie*, 267 AD2d 181, *lv denied* 94 NY2d 951).

Defendant was not entitled to a sanction for the destruction of a photocopy of the prerecorded buy money, since no such money was recovered from either defendant. As to defendant's other claims of nondisclosure of alleged *Brady* or *Rosario* materials, in each instance the record reveals that the document was turned over, that no such document was prepared by a witness, or that defense counsel did not bring the alleged nondisclosure to the court's attention until sentencing. Concur—Nardelli, J. P., Tom, Ellerin, Lerner and Rubin, JJ.